762 F.2d 1006
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
VINCENT M. COMMES, PETITIONER-APPELLANT,
v.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT-APPELLEE.
 NO. 84-1787
 United States Court of Appeals, Sixth Circuit.
 3/27/85
 ORDER
 
 1
 BEFORE: KEITH and MARTIN, Circuit Judges; and TAYLOR, District Judge.*
 
 
 2
 This matter is before the Court upon appellant's motion to proceed in forma pauperis. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, the appellant's informal brief and motion, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The appellant is appealing the decision of the tax court which sustained an Internal Revenue Service income tax deficiency for 1977, 1978, 1979 and 1980. No tax returns were filed for the years in question. The appellant argued to the Tax Court that, as a Bishop of the Universal Christian Church, his wages were received through the Church for expenses. He contends that any attempt to tax the wages would be a violation of the establishment and free exercise of religion clauses of the First Amendment. The Tax Court, after hearing testimony, rendered a bench opinion which held that the appellant did not carry his burden of proof to show that the tax deficiency was erroneous.
 
 
 4
 While the appellant's motion to proceed in forma pauperis does not comply with the required form as provided in Rule 24(b), Federal Rules of Appellate Procedure, it appears that appellant is unable to pay the costs associated with this appeal. Therefore, the motion to proceed in forma pauperis is granted.
 
 
 5
 The appellant contends that it was error to place the burden of proof upon him in the Tax Court. This argument is without merit. It is clear that the notice of deficiency is presumed correct and the burden is on the taxpayer to prove error. Harris v. Comm. of I.R.S., No. 83-1463 (6th Cir. Slip Op. October 4, 1984); Welch v. Helvering, 290 U.S. 111 (1933).
 
 
 6
 The appellant also argues that the tax court erred in discounting his testimony. Deference is given to the tax court's evaluation of testimony. Estate of De Niro v. C.I.R.,, 746 F.2d 327 (6th Cir. 1984). No direct evidence was introduced by the appellant to prove his contentions. In review of the tax court hearing, it does not appear that the tax court's conclusion is clearly erroneous.
 
 
 7
 Finally, the appellant contends the method used to calculate the tax deficiency was unfair. The appellee could not obtain the appellant's records to ascertain income. Therefore, the tax assessment was made pursuant to the 'source and application of funds method.' Bureau of Labor statistics were used to ascertain the minimum amount of money needed to live in the questioned years, and those amounts were supplemented by specific adjustments for known assets acquired. Where a taxpayer's books and records are incomplete, the Internal Revenue Service is authorized to use whatever method it deems appropriate to reconstruct the taxpayer's income. Mallette Bros. Const. Co., Inc. v. United States, 695 F.2d 145 (5th Cir. 1983). The method used in this situation is permissible. Giddio v. Commissioner of Internal Revenue, 54 T.C. 1530 (1970).
 
 
 8
 The appellant has made several other allegations of error. After review of these contentions, the Court finds they are without merit.
 
 
 9
 Accordingly, it is ORDERED that the motion to proceed in forma pauperis be granted and the decision of the tax court be affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation